UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CARROLL,<br><br>    Plaintiff,<br><br>v.<br><br>LA-Z BOY INCORPORATED,<br><br>    Defendant. | Case No. 22-cv-08961-JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 14 |

Now before the Court for consideration is the motion to transfer venue filed by La-Z Boy Incorporated ("La-Z Boy"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for April 7, 2023, GRANTS La-Z Boy's motion, and TRANSFERS this matter to the United States District Court for the Eastern District of Michigan.

**BACKGROUND**

Plaintiff Keith Carroll ("Mr. Carroll") alleges that La-Z Boy violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. sections 2710, *et seq.* According to Mr. Carroll, La-Z Boy uses a Facebook Tracking Pixel that sends personally identifying information to Facebook when individuals watch videos on the La-Z Boy website. (First Amended Complaint ("FAC") ¶¶ 11-35.) La-Z Boy moves to transfer to the Eastern District of Michigan. Mr. Carroll opposes transfer and, in the alternative, argues that the more appropriate venue would be the Eastern District of Virginia. The Court will address additional relevant facts in the analysis.

**ANALYSIS**

La-Z Boy moves to transfer pursuant to 28 U.S.C. section 1404(a), which permits a district

court, for the convenience of the parties and witnesses and in the interest of justice, to transfer a civil action to any district where the case could have been filed originally. In general, the moving party bears the burden of showing that transfer is warranted, *see Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), and does so by presenting affidavits or declarations to establish facts supporting transfer. *Forte Capital Partners v. Harris Cramer*, No. 07-cv-01237-MJJ, 2007 WL 1430052, at *2 (N.D. Cal. May 14, 2007) (citations omitted).

A district court has broad discretion to evaluate a motion to transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotation omitted). The Court applies a two-part test. First, it considers whether the transferee court is one where the action "might have been brought[.]" *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Mr. Carroll does not dispute this action might have been brought in the Eastern District of Michigan. La-Z Boy does not dispute it could have been brought in the Eastern District of Virginia.

Second, the Court considers whether the convenience of the parties and witnesses and the interest of justice favor transfer. *Id.* To determine whether the moving party has met its burden under the second prong, the Court considers multiple factors, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties and the witnesses; (3) ease of access to evidence; (4) any local interest in the controversy; (5) the familiarity of each forum with the applicable law; and (6) the relative congestion and time of trial in each forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This list is not exclusive, and the Court may consider other factors. *Global Hawk Ins. Co. v. Vega*, No. 15-cv-02093-YGR, 2015 WL 7720801, *3 (N.D. Cal. Nov. 30, 2015).

In general, there is a "strong presumption" in favor of a plaintiff's chosen forum. *Secs. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Mr. Carroll is a resident of Virginia, and he attests that conduct relevant to the allegations took place in Virginia. (Declaration of Keith Carroll, ¶ 5.) Mr. Carroll also seeks to represent a nationwide class. Each of these facts lead to the Court to conclude that Mr. Carroll's choice of this District as a forum is

entitled to minimal deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

The Court next considers the convenience of the parties and party witnesses. A court may give less consideration to party witnesses and their employees because they can be compelled to testify regardless of where the case will proceed. *See, e.g., Williams v. Condensed Curriculum Int'l, Inc.*, No. 20-cv-05292-YGR, 2020 WL 6700492, at *4 (N.D. Cal. 11/13/2020). As noted, Mr. Carroll resides in Virginia. He attests that he is blind and that travelling to Michigan would pose a hardship because he lacks a support system there. However, the only support system he claims to have in California is his counsel. (Carroll Decl., ¶ 6.) If Mr. Carroll attested he had friends or family in the Northern District to provide a support system, the Court would find this argument more persuasive. As it is, Mr. Carroll's counsel is not located in the Northern District and should be equally capable of providing support to him if the case is transferred elsewhere.

La-Z Boy attests that witnesses with knowledge of the transaction with Facebook work out of La-Z Boy's Michigan headquarters. (Declaration of Theresa Fenner, ¶ 6.) La-Z Boy also argues those witnesses would provide testimony about notices and consent, but those facts are not included in Ms. Fenner's declaration. On balance, the Court finds this factor weighs in favor of transfer.

The convenience of non-party witnesses is often the most important factor. La-Z Boy has not identified any non-party witnesses that would be necessary, including employees at Facebook's parent company, Meta, Inc. Mr. Carroll also does not state that he would intend to call individuals from Meta as witnesses and does not identify any non-party witnesses located in Virginia. The Court concludes the record on this factor is so sparse that it is neutral. The same is true with respect to the ease of access to evidence because "[w]ith technological advances in document storage and retrieval, transporting documents generally does not create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). Finally, because Mr. Carroll brings a claim for an alleged violation of federal law, this factor also is neutral.

"The local interest factor has the . . . aim of determining if the forum in which the lawsuit was filed has its own identifiable interest in the litigation which can justify proceeding in spite of

3

. . . burdens." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1232 (9th Cir. 2011); *see also Decker Coal*, 805 F.2d at 843 (looking to "local interest in having localized controversies decided at home"). Although Mr. Carroll seeks to represent a nationwide class, he has not sued Meta. Therefore, the Court concludes California's interest in the litigation is minimal and weighs in favor of transfer. La-Z Boy argues that Michigan has an interest in regulating corporations located there. Virginia also would have an interested in protecting its residents. However, because Mr. Carroll seeks to represent a nationwide class, the Court concludes this factor weighs in favor of transfer to Michigan.

Finally, the Court considers the relative congestion of each forum. The Northern District has more civil cases per judgeship and a longer median time from filing to disposition than the Eastern District of Michigan but a shorter median time from filing to trial. (*See* Plaintiff's Request for Judicial Notice, Ex. 1.) The Eastern District of Virginia has more actions per judgeship but quicker median times for disposition.

When the Court considers all of the factors, it concludes that the factors weigh in favor of transferring this case to the Eastern District of Michigan. Accordingly, the Court GRANTS La-Z Boy's motion. The Clerk shall transfer this matter to the United States District Court for the Eastern District of Michigan and close this file.

**IT IS SO ORDERED**.

Dated: March 29, 2023

_____
JEFFREY S. WHITE
United States District Judge